IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY BATES,[1] | § | |
| | § | No. 536, 2014 |
| | § | |
| Respondent-Below, Appellant, | § | Court Below:  Family Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | |
| KRISTEN BATES, | § | |
| | § | File No. CN10-05771 |
| | § | Petition No. 14-07669 |
| Petitioner-Below, Appellee. | § | |

Submitted:  May 6, 2015
Decided:  May 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 6th day of May 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) In this appeal from a custody and visitation order of the Family Court, and the denial of a motion for reargument, the appellant-Father complains that the Family Court erred as a matter of law by considering facts predating a stipulated order entered between the parties, and by grounding its decision in factual determinations not supported by the record.  But, as the Family Court found, it was duty bound by 13 *Del. C.* § 722 to consider the best interests of the child in deciding on the petition to modify and the parties' stipulation explicitly indicated it

---

[1] This Court has assigned pseudonyms to the parties under Supreme Court Rule 7(d).

1

would have no *res judicata* effect. Although, for a number of obvious reasons,[2] any court should hesitate to modify the *status quo* agreed to by parties in a stipulated order based only on circumstances that were understood before that order was entered, the Family Court here considered many events post-dating the stipulation and was required, as it did, to take into account the full record of relevant evidence bearing on what was best for the child.[3]

(2)     Furthermore, although the appellant-Father understandably has heartfelt concerns about the reduction in his rights to see his child, and points to evidence that cuts against the Family Court's determinations, the findings of the Family Court that buttressed its decision to modify the appellant-Father's custodial rights were well-supported in the record, must be given deference by this Court, and reflected a careful consideration of the relevant statutory factors.[4]  For these reasons, we affirm the judgment of the Family Court on the basis of its opinion dated August 12, 2014, and its letter decision and order denying the appellant-Father's motion for reargument dated September 10, 2014.

---

[2] *Cf. Friant v. Friant*, 553 A.2d 1186, 1191 (Del. 1989) (noting that courts should be careful not to unsettle custody matters affecting a child's life too frequently because of the "overriding policy purpose of the Delaware child custody laws, *i.e.*, to provide for the best interests of the child on a continuing, *but non-disruptive*, basis") (emphasis added).

[3] *See* 13 *Del. C.* § 722.

[4] *See, e.g.*, *Simpson v. Stark*, 100 A.3d 1022 (Del. 2014) ("We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.").

2

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Family Court are AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice